### JAMES R. C. HARRISON v. FRANTZ BERGMANN ET AL.

Decided January 8, 1910.

**1.—Contract—Wages—Charge.**

The issue being whether or not plaintiff, who was a mechanical engineer, was entitled to his wages whether the mill about which he was employed was operated or not, charges of the court considered and held, when viewed as a whole and construed together, not subject to the objection that they did not fairly submit the issues and were calculated to mislead the jury to plaintiff's prejudice.

**2.—Open Account—Limitation—Charge.**

The plaintiff filed suit on October 3, 1907, upon an open account for wages, some items of which antedated October 3, 1905; in said account certain payments were admitted; the defendant plead the statute of limitation of two years; the court charged the jury in effect that "they should credit the payments made to plaintiff on the oldest items of the account against the defendant." Held, the charge was not subject to the criticism that it "left it for the jury to infer that the payments could be applied to the oldest wages earned after the 3rd day of October, 1905."

Error from the District Court of Cooke County. Tried below before Hon. Clem. B. Potter.

*Davis & Thomason,* for plaintiffs in error.

*Potter & Gulp,* for defendant in error.

DUNKLIN, ASSOCIATE JUSTICE.—James R. C. Harrison sued Frantz Bergmann, Thad S. Harrison and J. T. Biffle for about seven hundred dollars, which he alleged was the balance due him for personal services rendered the partnership firm composed of defendants Frantz Bergmann and Thad S. Harrison, defendant Biffle being made a party defendant by reason of his appointment as receiver of the assets of said partnership. Judgment was rendered in favor of the defendants, and plaintiff has prosecuted this writ of error.

The defendant firm was engaged in operating a mill and elevator, and plaintiff was employed as engineer and was to perform other

services about the mill. Defendant Bergmann furnished substantially all the capital, and his partner, Thad S. Harrison, who was plaintiff's father, was general manager. The insolvency of the firm was the occasion of the appointment of Biffle as receiver, and upon a sale of the property by the receiver, Bergmann became the purchaser. Plaintiff in error does not complain of the judgment in favor of the receiver, as it appeared upon the trial that no assets remained in the hands of the receiver subject to the payment of plaintiff's claim.

Upon the trial the testimony was uncontroverted as to the amount plaintiff was to receive for his services while actively engaged in work, but the evidence shows that the mill was idle a considerable portion of the time during which plaintiff claimed for services rendered, and there was a sharp controversy as to whether or not plaintiff was entitled to recover during the time while the mill was not in operation.

The second clause of the court's charge to the jury was as follows: "If you find from the evidence that the plaintiff was employed by the defendants to perform labor at the mill of defendants for a fixed price per day, then the plaintiff will be entitled to recover of defendants at the price fixed for the number of days he worked for defendants for which he has not been paid." Plaintiff contends that the instruction quoted was calculated to impress the jury that the plaintiff would be entitled to recover only the number of days he had actually worked, even though the jury should further find that by the terms of his employment plaintiff was required to be in attendance at the mill on numerous occasions when the mill was not actually in operation, and while plaintiff was not actually engaged in any work. We think that any probability that the jury so understood the charge quoted above was removed by the third clause of the charge given them by the court and which is as follows: "If you find that the contract of employment, if any, between plaintiff and defendants fixed a price for the services of plaintiff at a fixed price per day, and also provided that said plaintiff was to receive said wages whether the mill ran, or whether he worked or not, then he will be entitled to recover of defendants the price fixed for all the days he was in the employ of the defendants and for which he has not been paid, if any."

It is further contended that the third clause of the charge, being the one last quoted, tended to create the impression upon the minds of the jury that in order for plaintiff to recover for the time when the mill was not running there must have been an express contract to that effect, and that the jury could not so find from the facts and attending circumstances showing the understanding of the parties. Plaintiff's suit was upon an alleged contract and necessarily the issue as to the terms of that contract depended upon the agreement made between plaintiff and his father, who employed him, and the court correctly submitted the determination of that issue to the jury.

A plea of limitation of two years was urged to certain items of the account for services made the basis of plaintiff's suit and upon which account certain credits were admitted, and upon the issue of limitation the court gave the following instruction: "The plaintiff can not recover for any wages due him, if any, which became due prior to October 3, 1905; but if you determine to find for the plaintiff under

other sections of this charge, then you are instructed that you will credit the payments made to the plaintiff on the oldest items of his account against the defendants." The suit was instituted October 3, 1907, and some of the items in plaintiff's account antedated October 3, 1905. Appellant contends that the charge upon the plea of limitation above quoted "left it for the jury to infer that the payments could be applied to the oldest wages earned after the third day of October, 1905," and that the instruction was, therefore, erroneous. We do not think the charge is subject to that interpretation; and so holding, the further assignment complaining that the court erred in refusing appellant's requested instruction upon the same issue must be overruled.

Nor was there error in the refusal of the special instruction requested by appellant, in effect, that it was the province of the jury to determine from the facts and circumstances in evidence whether or not under the terms of his employment plaintiff should be paid wages while the mill and elevator were not running. As above noted, the determination of the issue as to the terms of the contract of plaintiff's employment was expressly submitted to the jury, and the court further charged that the jurors were the sole judges of the facts proved, of the weight to be given the evidence, and of the credibility of the witnesses.

We have found no error in the record and the judgment is affirmed.

*Affirmed.*